# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| MARCUS WAYNE FUGATE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:15-cv-04014-SRB |
| ) | |
| CHESTER BROSS CONSTRUCTION CO., ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

On May 12, 2015, the Court denied Defendant's Motion to Dismiss and instructed Plaintiff to file an amended complaint alleging sufficient facts to support his claim for discrimination. Plaintiff was advised that failure to comply with the Court's Order would result in a dismissal of his action. The Court did not receive the amended complaint within the thirty-day time limit set out in the Court's Order. On June 23, 2015, the Court directed Plaintiff to show cause why the case should not be dismissed for Plaintiff's failure to file an amended complaint. Plaintiff was cautioned that, "[f]ailure to comply with the Court's Order will result in a dismissal of this action." (Doc. #21). The Court did not receive a response, and this action was dismissed on July 8, 2015, pursuant to Fed. R. Civ. P. 41(b).

On October 28, 2015, Plaintiff submitted a letter requesting the Court reconsider its dismissal of this action and reopen the case. The Court entered another show cause order on November 16, 2015, directing Plaintiff to submit proof that he timely submitted his Amended Complaint, because no amended complaint had been received by the Court. On December 1, 2015, after no response to the November 16 show cause order was received, the Court denied Plaintiff's request to reopen the case.

On December 2, 2015, Plaintiff requested an extension of time to rewrite his amended complaint. The Court denied Plaintiff's request, but allowed Plaintiff an extension of time to submit proof that he attempted to file an amended complaint pursuant to the May 12, 2015, Order. (Doc. #33). Plaintiff was advised that proof of compliance was necessary in order for the Court to consider whether to reopen Plaintiff's case. The Court advised Plaintiff that "[e]xamples of such proof would be a record of mailing, a copy of a returned envelope, if any, or any other item that would demonstrate Plaintiff's good faith attempt to file an amended complaint." Id. at p. 2. Despite the Court's Order, Plaintiff filed an Amended Complaint on December 21, 2015. On January 8, 2016, Plaintiff submitted an Affidavit stating he does not have proof that he timely filed his Amended Complaint. (Doc. #36). Plaintiff was advised that sufficient documentation was required in order for the Court to consider whether to reopen Plaintiff's case. Consequently, this case will remain closed.

Accordingly, it is hereby

**ORDERED** that Plaintiff's requests for reconsideration of the dismissal of this action are **DENIED** and this case shall remain closed; and

**ORDERED** that Defendant's Motion to Strike Plaintiff's Amended Complaint (Doc. #35) is **DENIED** as moot.

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: January 12, 2016